

**AARON R. EASLEY**
**(908) 237-1660**
aeasley@sessions.legal

September 28, 2018

<u>Via ECF</u>
Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza E.
Brooklyn, NY 11201

  Re: *Natanelova v. Capital Management Services, LP*, 1:18-cv-05195-FB-SMG
    Defendant's Letter Motion For A Pre-Motion Conference

Dear Judge Block,

  **SESSIONS, FISHMAN, NATHAN & ISRAEL** represents the defendant, Capital Management Services, LP ("CMS"), in the above-referenced matter. In accordance with Your Honor's individual rules, CMS respectfully requests a pre-motion conference to discuss its proposed Rule 12(b)(6) motion to dismiss the claim brought by the plaintiff, Ister Natanelova.

### INTRODUCTION

  This case arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and is based on a single letter ("the Letter"). Plaintiff asserts CMS's Letter falsely implied her debt was accruing interest and fees because it listed the amount of post-charge-off interest and fees as "0.00." Plaintiff is wrong.

  **This Court has already held that listing the amount of post-charge-off interest and fees as "$0.00," as CMS did, would <u>not</u> lead a reasonable consumer to conclude a debt is increasing.** And these decisions are in lock-step with the majority of decisions on this issue. Accordingly, plaintiff's purported FDCPA claim fails as a matter of law and should be dismissed.

### FACTUAL BACKGROUND

  CMS's Letter, which is attached to the Complaint, provides the following information in the header:

> *Amount Due at Charge-Off: $10,205.65*
> *Interest Accrued Since Charge-Off: $0.00*
> *Non-Interest Charges or Fees Accrued Since Charge-Off: $0.00*
> Payments Made Since Charge-Off: $0.00
> *Amount Due $10,205.65*

**SESSIONS FISHMAN NATHAN & ISRAEL**
ATTORNEYS AT LAW

*Natanelova v. Capital Management Services, LP*, 1:18-cv-05195-FB-SMG
Defendant's Letter Motion For A Pre-Motion Conference
September 28, 2018 – Page 2

Dkt 1-1 (emphasis added). The first sentence of the Letter explains CMS had been engaged "to resolve [plaintiff's] delinquent *debt of $10,205.65*." *Id.* (emphasis added). And as plaintiff accurately alleges, no interest or fees were accruing on the debt. *See* Dkt 1 at ¶¶ 37-39.

## LAW AND ARGUMENT

Whether a letter is "deceptive," in violation of the FDCPA, is determined under the "least sophisticated consumer" standard. *DiMatteo v. Sweeney, Gallo, Reich & Bolz, LLP*, 619 F. App'x 7, 9 (2d Cir. 2015). Under this standard, a communication is "deceptive" only if a consumer could *reasonably* interpret the communication to state a falsehood. *Id.* In making this determination, courts must consider the communication as a whole, rather than the allegedly deceptive parts in isolation. *Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384, *10 (E.D. N.Y. Aug. 1, 2016).

**A. Plaintiff's Claim Fails Because A Reasonable Consumer Would Not Conclude A Debt Is Increasing If A Letter Lists The Amount Of Interest And Fees As "0.00"**

This Court has twice rejected plaintiff's theory. In *Dick v. Enhanced Recovery Co., LLC*, 2016 WL 5678556 (E.D. N.Y. Sept. 28, 2016) (Mauskopf, J.), the plaintiff alleged that the debt was static and that, by stating, "Non-interest Charges & Fees: $0.00," the defendant's letter "could lead an unsophisticated consumer to believe that he or she might be liable for such fees in the future." *Id.* at *1. In dismissing the suit, ***this Court explained the plaintiff's alleged confusion "contravene[d] the plain language of the Letter" and "[the defendant's] breakdown of the amount owed, which includes 'Non-interest Charges and Fees: $0.00,' cannot plausibly be construed as a threat that non-interest charges and fees will be charged in the future."*** *Id.* at *4, 6. *See also Hussain v. Alltran Fin., LP*, 2018 WL 1640584, *3 (E.D. N.Y. Apr. 4, 2018) (Ross, J.) (finding a reasonable consumer would *not* conclude a debt is increasing if the amount of post-charge-off interest and fees are listed as "$0.00").

And the majority of courts have agreed with this Court's decisions. *See, e.g., Delgado v. Client Servs., Inc.*, 2018 WL 1193741, *2 (N.D. Ill. Mar. 7, 2018) ("[I]nclusion of interest and other charges in the itemization of [the] debt, when 0.00 is listed for both categories, could not lead an unsophisticated consumer to believe that interest or other charges would later accrue.") (citing *Dick*, 2016 WL 5678556, *4, 6); *Jones v. Prof'l Fin. Co., Inc.*, 2017 WL 6033547, *2 (S.D. Fla. Dec. 4, 2017) ("Even the least sophisticated consumer would not be misled or deceived by the Collection Letter [because it] does not falsely state that there are fees associated with Plaintiff's debt. It specifically shows there are no fees associated with the debt; that is the ordinary meaning of 0.00—none, zilch, nada.").

Further, in addition to listing the post-charge-off interest and fees as "0.00," the Letter clarifies plaintiff owed $10,205.65 at the time of charge-off, plaintiff owes $10,205.65 on the date of the Letter, and $10,205.65 is the *only* amount being sought. *See* Dkt. 1. Given the foregoing, a reasonable consumer would *not* read CMS's Letter and conclude the debt is accruing interest or fees. Therefore, plaintiff's claim fails as a matter of law.

**SESSIONS FISHMAN NATHAN & ISRAEL**
ATTORNEYS AT LAW

*Natanelova v. Capital Management Services, LP*, 1:18-cv-05195-FB-SMG
Defendant's Letter Motion For A Pre-Motion Conference
September 28, 2018 – Page 3

### B. The Decision Plaintiff Cites In Her Complaint Does <u>Not</u> Govern This Case Because CMS Was <u>Required</u> To List The Amount Of Post-Charge-Off Interest And Fees

In the Complaint, plaintiff cites to a single case, *Wood v. Allied Interstate, LLC*, 2018 WL 2967061 (N.D. Ill. June 13, 2018), as supporting her claim.  However, the reasoning underlying the *Wood* decision does not apply, here.

In *Wood*, the letter listed the "Fees" and "Collection Costs" as $0.00 even though the debt was static and even though the defendant was *not* required to itemize fees and costs in the letter. *Id.* at *1.  The *Wood* court reasoned:

> [B]y stating that fees and collection costs stood at "$0.00," instead of stating something like "N/A" *or declining to mention fees and collection costs at all*, the letter reasonably could be read to imply that such charges would begin to accrue. . . *Why, after all, would [the defendant] include a column for fees and collection charges, and insert a dollar figure ($0.00), if not to suggest that that such fees and costs might possibly accrue in the future*?

*Id.* at *3 (emphasis added).  In other words, ***the Wood court determined if a company <u>elects</u> to discuss interest and fees, it should clarify interest and fees do not apply***.

***CMS did <u>not</u> simply <u>elect</u> to state the amount of post-charge-off interest and fees—CMS was <u>required</u> to state these amounts by New York state law.***  *See* 23 N.Y.C.R.R. § 1.2 (requiring debt collectors to list the amount of post-charge-off interest and fees in its initial communication).  Accordingly, the Court should follow its prior decisions, find CMS did not reasonably imply plaintiff's debt would increase by listing the amount of post-charge-off interest and fees as "$0.00," and dismiss this case.

### <u>CONCLUSION</u>

Based on the foregoing, CMS respectfully requests the Court hold a pre-motion conference to discuss CMS's proposed motion to dismiss.

               Respectfully submitted

               *Aaron R. Easley*
               Aaron R. Easley, Esq.